

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-18-00260-CR
### NO. 02-18-00261-CR
### NO. 02-18-00262-CR

JOSE WHITFIELD                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NOS. 55,778-A, 55,986-A, 56,109-A

----------

## MEMORANDUM OPINION[1]

----------

On June 3, 2016, Jose Whitfield pleaded guilty to the third-degree felony of tampering with or fabricating evidence, the first-degree felony of aggravated robbery, and the first-degree felony of delivery of more than four but less than two hundred grams of methamphetamine. The trial court assessed his

---

[1]*See* Tex. R. App. P. 47.4.

punishment at eight years' confinement, fifteen years' confinement, and twenty-five years' confinement, respectively. On May 28, 2018, appellant signed pro se Motions for Direct Appeal in each case, which he mailed to the Wichita County District Clerk on May 29, 2018. The Clerk filed the motions, which we construe as notices of appeal, on June 4, 2018.

Rule 26.2 of the rules of appellate procedure requires that a notice of appeal be filed within thirty days after the date sentence is imposed or within ninety days after the date sentence is imposed if the defendant files a timely motion for a new trial. *See* Tex. R. App. P. 26.2(a)(1)–(2). Therefore, appellant's notices of appeal filed almost two years after sentencing were not timely. *See* Tex. R. App. P. 26.2(a). On June 6, 2018, we sent appellant a letter expressing our concern that we lack jurisdiction over the appeals because he did not timely file his notices of appeal. We informed appellant that we could dismiss the appeals unless he filed a response showing grounds for continuing them, but appellant has not done so.

A timely-filed notice of appeal is essential to vest this court with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Without a timely-filed notice of appeal, we must dismiss an appeal. *Id.*; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). Because appellant's notices of appeal were not timely filed, we dismiss his appeals for want of jurisdiction. *See* Tex. R. App. P. 26.2(a), 43.2(f).

PER CURIAM

PANEL: BIRDWELL, J.; SUDDERTH, C.J.; and WALKER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 9, 2018